**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose COBO–RAYMUNDO, Defendant–Appellant.**

**No. 11–10239.**

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2012.*

Filed Aug. 20, 2012.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

George Ferko, Assistant U.S., Elizabeth Adair Strange, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Thomas Scott Hartzell, T.S. Hartzell, Attorney at Law, Tucson, AZ,

Jose Cobo–Raymundo, Adelanto, CA, pro se.

Before: PAEZ and BYBEE, Circuit Judges, and VANCE,** Chief District Judge.

## MEMORANDUM ***

Jose Cobo–Raymundo appeals his sentence of 51 months' imprisonment following his conviction under 8 U.S.C. § 1326(a) and (b)(2). We affirm.

Cobo–Raymundo challenges the district court's conclusion that his prior conviction for unlawful wounding under Virginia Code § 18.2–51 qualified as a "crime of violence" under the definition at U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii). He also challenges the district court's decision not to reduce *sua sponte* his total offense level when calculating his sentencing Guidelines range. Because Cobo–Raymundo did not raise these issues before the district court, we review for plain error. *United States v. Ayala–Nicanor,* 659 F.3d 744, 746–47 (9th Cir.2011); *United States v. Ross,* 511 F.3d 1233, 1235 (9th Cir.2008). We may reverse for plain error when the appellant shows that "(1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez–Aparicio,* 663 F.3d 419, 428 (9th Cir.2011).

We note first that the district court simply accepted the conclusion of the unchallenged pre-sentence report that Cobo–Raymundo's prior conviction was a crime of violence, and did not conduct its own analysis. Although Cobo–Raymundo does not challenge this aspect of the proceeding below, this was plainly erroneous. *See United States v. Castillo–Marin,* 684 F.3d 914, 921 (9th Cir.2012). However, the error did not affect his substantial rights because no prejudice ensued. *See id.* at 918–19. As we explain below, "unlawful wounding" under Virginia Code § 18.2–51 is categorically a crime of violence and therefore the district court properly applied the "crime of violence" sentencing enhancement in determining Cobo–Raymundo's advisory sentencing Guidelines range.

Unlawful wounding is not one of the listed offenses that categorically qualify as a "crime of violence" under comment n. 1 (B)(iii) to U.S. Sentencing Guidelines Manual § 2L1.2. However, because the

** The Honorable Sarah S. Vance, Chief District Judge of the Eastern District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Virginia statute's elements are necessarily encompassed by the "crime of violence" definition in U.S. Sentencing Guidelines Manual § 2L1.2, unlawful wounding as defined by Virginia Code § 18.2–51 is categorically a crime of violence. *See Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir.2008). To be convicted under § 18.2–51, a person necessarily must have shot, stabbed, cut, wounded, or otherwise caused bodily injury to another person, which means that the offense "has as an element the use ... of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1 (B)(iii). Moreover, § 18.2–51 clearly requires the intentional use of physical force, because it contains as an element "the intent to maim, disfigure, disable, or kill." *See Ayala–Nicanor*, 659 F.3d at 749; *Hampton v. Commonwealth*, 34 Va.App. 412, 542 S.E.2d 41, 45–46 (2001). Finally, a violation of § 18.2–51 results in physical injury to another, because the *actus reus* element of the statute is satisfied by shooting, stabbing, cutting, wounding, or causing bodily injury to another person. *See Ayala–Nicanor*, 659 F.3d at 749. Cobo–Raymundo points to no case in which the Virginia state courts did in fact apply § 18.2–51 to conduct outside the federal definition. *See id.* at 748.

In addition, the district court did not plainly err when it declined to reduce *sua sponte* Cobo–Raymundo's offense level by one level for his assisting the government by timely notifying it of his intention to plead guilty. *United States v. Johnson*, 581 F.3d 994, 1003–04 (9th Cir.2009).

**AFFIRMED.**